METCALF, PLAINTIFF IN ERROR, v. THE PEOPLE, DEFEND-ANTS IN ERROR.

1. JUSTICES OF THE PEACE—JURISDICTION.

Under sec. 1 of the act of 1885 (p. 372), which provides that all justices of the peace and police magistrates shall have jurisdiction of cases arising under any ordinances passed pursuant to that act, and that the city council, or a board of trustees, may designate one justice of the peace who shall have jurisdiction exclusively, justices of the peace are not divested of jurisdiction in the absence of an act by the town specially conferring exclusive jurisdiction on some particular justice.

2. EVIDENCE—BURDEN OF PROOF.

An objection to the introduction of an ordinance in evidence on the ground that the "ayes and nays had not been called upon its passage," must be supported by the proof of such fact, otherwise the objection will not be sustained.

3. ORDINANCE—CONSTRUCTION OF.

Under an ordinance providing "no person shall engage in quarreling or fighting, nor shall ask, invite or defy any other person to fight or quarrel;" held, that a proprietor of a store had no right to use force to expel from the room one who refused to depart when ordered so to do.

4. SAME.

An ordinance being local, its most authoritative construction should come from local sources, and when more comprehensive than the common law, it cannot be tested by common law rules.

*Error to the County Court of Prowers County.*

.THE facts are sufficiently stated in the opinion of the court.

Mr. J. W. METCALF, Mr. O. G. HESS and Mr. J. C. MC-CORY, for plaintiff in error.

Mr. S. W. JONES, attorney general, and Mr. H. RIDDELL, for defendants in error.

REED, J., delivered the opinion of the court.

The plaintiff in error was convicted before a justice of the peace for the violation of a town ordinance, for quarreling with, or for an assault upon, one Haig—appeal taken to the county court—a trial had, resulting in a conviction and fine of $3.00 and costs.   It appears that Lamar, where the trouble occurred, was an organized and incorporated town under the general statutes, and as such had passed ordinances for town government, and had established, or attempted to establish, a police court.   It was urged that the justice of the peace, before whom the case was tried, was not the police magistrate or invested with police powers by the town ; hence, had no jurisdiction.

This contention cannot prevail.   By sec. 1 of the act of 1885, p. 372, " Towns and Cities," it is provided that " Any and all justices of the peace and police magistrates shall have jurisdiction in all cases arising under the provisions of this act of *any ordinance* passed in pursuance thereof, or the city council or board of trustees of any city or town *may designate one justice of the peace who shall have such jurisdiction exclusively.*"

It is stated that a police court had been established, but nowhere stated that such *exclusive* jurisdiction was conferred by the trustees.   Such exclusive jurisdiction must have been specially conferred, to the exclusion of other justices of the peace, to divest them of the jurisdiction conferred by the general law.   Such fact is not stated, nor is it shown that

any police court existed at the time of such proceeding. We must conclude that the justice of the peace had jurisdiction.

It is also contended in argument that the court erred in allowing the ordinance in evidence upon the trial. Counsel objected on the ground that " the ayes and nays had not been called upon its passage," and the objection was overruled. The statement by counsel was not sufficient. Proof of the fact should have been made. None was offered to impeach its validity, consequently, counsel are not in position to urge such error.

The trouble occurred in the store of the plaintiff in error, who had some wordy disagreement with Haig, and ordered him out of the store. Haig refused to go. After having been ordered out several times, he (Haig) said, " If you want me out, put me out," etc. Thereupon plaintiff in error attempted to strike him and eject him—was unsuccessful, and Haig was removed by the town marshal.

The portion of the ordinance necessary to be considered is " Sec. 1.—No person shall engage in *quarreling* or *fighting*, nor shall ask, invite, or defy any other person to fight or quarrel," etc. There appears to have been a fight or something that might be so construed, and if not, the word " quarrel " is very significant and comprehensive, and a liberal construction of it would, probably, embrace all the transaction. Quarreling was strictly prohibited by the ordinance. People were not allowed to indulge in it, even socially, when invited.

The argument filed by counsel of plaintiff in error is able and exhaustive ;—numerous statutory and common law authorities are cited in support of the position that plaintiff in error, having ordered Haig to vacate, and he having declined, he had a right to use force and expel him. Such was unquestionably the law as it used to be administered previous to the passage of the Lamar ordinance, but the ordinance is more comprehensive than the ancient law, and cannot be tested by common law rules. The conviction appears to have been based upon the clause prohibiting quarreling, and could

· stand regardless of his common law right to evict him from the premises.

The ordinance was local, and its most authoritative construction should come from local sources.   Who could judge of the intention of the legislators? and it having been construed to cover the misunderstanding, and plaintiff in error having been found guilty of an infraction of it, we do not feel at liberty to disturb the judgment.   The ordinance may receive a more liberal construction by residents of Lamar than we are prepared to give it, so as to punish want of discretion in a party who would attempt to expel another, without the physical ability to do it.

The judgment should be affirmed.

*Affirmed.*